IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIAM DALE SHERRILL, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-149 |
| | ) | |
| CITY OF HARLEM POLICE DEPT.; | ) | |
| RICK BAXTER, Officer; GARY JONES, | ) | |
| Chief, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff filed the above-captioned case pursuant to 42 U.S.C. § 1983 *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). (Doc. nos. 1, 2.) The complaint was originally filed in the Northern District of Georgia but was transferred to this Court on September 16, 2015 due to the Defendants residing in Columbia County. (Doc. no. 9.) In his complaint, Plaintiff appears to allege false arrest and false imprisonment, but Columbia County Superior Court Records show that Plaintiff recently pleaded guilty on September 8, 2015. See http://www.columbiaclerkofcourt.com/webFormFrame.aspx?page=main, search "Sherrill, William." In addition, Plaintiff's mail was recently returned as undeliverable with a notation that he was released on September 8, 2015. (Doc. no. 12.)

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to

comply with a court order. Equity Lifestyle Props., Inc. v. Florida Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Local Rule 4.2(2) also provides that if the filing fee is not paid within twenty-one days of the denial of an IFP petition, the civil action will be dismissed. Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to update his address or indicate that he wishes to pursue this case amounts not only to a failure to prosecute, but also an abandonment of his case.[1] This is precisely the type of neglect contemplated by the Local Rules. Further, the lack of an updated mailing address leaves the Court with no way to communicate with Plaintiff and saddles the Court with a stagnant case. The Court finds that the imposition of monetary

---

[1] The Court **DIRECTS** the Clerk to serve this Report & Recommendation at the home address given in Plaintiff's complaint. (See doc. no. 1, p. 3.)

sanctions is not a feasible sanction because Plaintiff has already chosen not to pay the filing fee necessary to commence a case in District Court. Furthermore, Plaintiff's apparent guilty plea would likely render his current claims meritless and subject to dismissal.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice.

SO REPORTED and RECOMMENDED this 8th day of October, 2015, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA